**PEOPLE OF THE TERRITORY OF GUAM**

v.

**JOHN C. DELA ROSA, Defendant**

Criminal Case No. 116F-78

Superior Court of Guam

July 7, 1978

ABBATE, *Presiding Judge*

## DECISION

This matter comes before the Court on defendant's Motion to Obtain Poll From Court Funds. The motion was heard ex parte on July 5, 1978, and decision was reserved.

It is defendant's position that the request is authorized by the fair and impartial trial provision of the Sixth Amendment, and by the Due Process clause and Equal Protection clause of the Fourteenth Amendment.

■ The Court will first consider whether the allocation of funds to an indigent defendant for the purpose of conducting a public opinion poll is necessary to determine whether a fair trial can be held. Defendant is represented by court-appointed counsel, the public defender being disqualified due to a conflict of interest. In a factually similar case, the Supreme Court of Idaho affirmed the trial court's denial of defendant's request to conduct a community survey. The Court stated:

. . . Financial assistance is not automatically mandatory, but rather depends upon needs of the defendant as revealed by the facts and circumstances of each case. Before authorizing the expenditure of public funds for a particular purpose in an indigent's defense, the trial court must determine whether the funds are necessary in the

533

interest of justice. . . . Appellant loses sight of the viable alternatives available to a defendant in a criminal prosecution which can evaluate the sentiment in a community without resorting to the public coffers. A defendant has the opportunity to present to the trial court all the material disseminated to the public which he feels instills in their minds such prejudice against him as to prevent an impartial trial. He also has the opportunity to thoroughly examine each juror upon voir dire to ferret out bias and prejudice. We do not believe that a public survey could appreciably improve on the process as it now exists. *State v. Powers,* 537 P.2d 1369, 1374 (1975).

The Court finds this reasoning sound. Defendant on voir dire can thoroughly examine each prospective juror. Additionally, he can present to the Court the material disseminated to the public which in his opinion denies him an impartial trial.

Defendant's next contention is that the Due Process clause requires funds to be allocated for a public opinion poll. The Ninth Circuit Court of Appeals in *Mason v. Arizona,* 504 F.2d 1345 (9th Cir. 1974), cert. denied, 420 U.S. 936, 95 S.Ct. 1145 (1975), addressed the issue of whether the Due Process clause entitles an indigent defendant to investigative expenses. The Court stated:

. . . the effective assistance of counsel guarantee of the Due Process Clause requires, when necessary, the allowance of investigative expenses or appointment of investigative assistance for indigent defendants in order to insure effective preparation of their defense by their attorneys. *Mason v. Arizona,* 504 F.2d at 1351.

However, the Court then limited its holding by specifying that the right was not mandatory, but rather depends upon the facts of the particular case.

. . . Our holding denotes, however, that such assistance is not automatically mandatory but rather depends upon the need as revealed by the facts and circumstances of each case. *Mason v. Arizona,* 504 F.2d at 1352.

Similarly, the Supreme Court of Indiana established basically the same criteria in *Magley v. State of Indiana*, 335 N.E.2d 811, 816 (1975).

. . . But, when the court is allocating state funds for the defense of a defendant, it is rational for the court to use discretion in granting or denying the defendant's requests . . . Within the primary goal of the judicial process, which is due process of law for each defendant, the court may determine which expenses are probably needless, wasteful or extravagant.

Pursuant to the guidelines set forth by the Ninth Circuit in *Mason*, the Court has examined the facts and circumstances of the case. Defendant has among other procedural safeguards that of presenting the news material to the Court, questioning the prospective jurors on voir dire, challenging the jurors for cause, and exercising his peremptory challenges. The Court finds that the allocation of funds for an opinion poll is not necessitated by the Due Process clause.

Thirdly, there is defendant's equal protection argument. Defendant has failed to demonstrate that he has been treated differently from other indigent defendants similarly situated. As the Court in *State v. Powers*, 537 P.2d at 1374, enunciated:

. . . Appellant has not demonstrated that he has been treated differently from other indigent defendants similarly situated. . . . It is fundamentally fair to require a showing by the indigent, represented by private court appointed counsel, that there is a necessity for allowance to employ investigators. The trial court's failure to appoint an investigator whom it deemed unnecessary to conduct a community survey to aid appellant's court appointed private counsel, did not violate the Equal Protection clause of the Fourteenth Amendment.

Defendant has not adequately demonstrated to the Court that an opinion poll is necessary. The Court finds no violation of the Equal Protection clause.

For the aforementioned reasons, the Court denies defendant's motion.

SO ORDERED.